# PD-1138-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

September 1, 2015

ABEL ACOSTA, CLERK

CASE NO. PD-_____

IN THE

COURT OF CRIMINAL APPEALS OF TEXAS

RULE 68 T. R. A. P.

---

DANNY XAVIER REYNOSO
Appellant

v.

THE STATE OF TEXAS,
Appellee

---

On Petition for Discretionary Review From
The Tenth Court of Appeals
In No. 10-15-00044-CR
Affirming the Judgment in No. 2013-387-C2
From the 54th Judicial District Court
Of McLennan County, Texas

---

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

---

John M. Hurley
State Bar No. 10311100
427 N. 38th Street
Waco, Texas 76710
Tel: (254) 753-6161
Fax: (254) 714-2564
E-Mail: jmhurley1@yahoo.com
Attorney for Appellant

September 3, 2015

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Names of All Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Question Presented for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1.  Whether the Court of Appeals erred in holding that the evidence was sufficient to establish beyond a reasonable doubt that Appellant's purported conduct was voluntary as defined by Texas Penal Code § 6.01 as to support a conviction for Counts I, II, III, IV and V? (Slip Op. 1-2). . . . . . . . . . . . . .

Prayer for Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Appendix "A" - Court of Appeals Opinion

# INDEX OF AUTHORITIES

## Cases

Adanandus v. State, 866 S.W. 2d 210 (Tex. Crim. App. 1993). . . . . . . . . . . 5

Brown v. State, 955 S.W. 2d 276 (Tex. Crim. App. 2012). . . . . . . . . . . . . . 5

Rogers v. State, 105 S.W. 3d 630 (Tex. Crim. App. 2003). . . . . . . . . . . .4, 5, 7

Scott v. State, 202 S.W. 3d 405 (Tex. App. – Texarkana 2006, pet. ref'd.). 4

Whatley v. State, 445 S.W. 3d 159 (Tex. Crim. App. 2014). . . . . . . . . . . . . 7

## Statutes

Texas Penal Code §6.01. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5, 6, 7

Texas Penal Code §6.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

Texas Penal Code §21.11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

Texas Penal Code §22.021. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5

# NAMES OF ALL THE PARTIES

Appellant:                                          Danny Xavier Reynoso

Appellant's Trial Counsel:                          Samuel Martinez
                                                    1105 Wooded Acres
                                                    Suite 200
                                                    Waco, Texas  76710

Appellant's Counsel on Appeal:                      John M. Hurley
                                                    427 N. 38th Street
                                                    Waco, Texas  76710

Appellee:                                           The State of Texas

Counsel for State of Texas:                         Landon Ramsay
                                                    Hillary LaBorde
                                                    Asst. Crim. District Attorneys
                                                    219 N. 6th Street
                                                    Suite 200
                                                    Waco, Texas  76701

Complainant:                                        H. R. (a child)

## STATEMENT CONCERNING ORAL ARGUMENT

Appellant waives oral argument.

## STATEMENT OF THE CASE

On March 6, 2013 a McLennan County Grand Jury indicted Danny Xavier Reynoso for the first degree felony offense of aggravated sexual assault of a child younger than six (6) years of age in violation of Texas Penal Code §22.021 – Counts I and II, and indecency with a child younger than seventeen (17) years of age by contact in violation of Texas Penal Code §21.11 – Counts III, IV and V. (C.R. 5-7).

A jury found Mr. Reynoso guilty of all five counts as alleged in the indictment. (C.R. 63-67); (4 R.R. 120-121).

Prior to the second main charge of the court being given to the jury, the State abandoned Count III because it is a lesser included offense of Count I. (5 R.R. 28-29).

The jury returned punishment verdicts of 36 years on Count I, 36 years on Count II, 15 years and $10,000 fine on Count IV and 15 years a $10,000 fine on Count V. (C.R. 82-85); (6 R.R. 30-31).

The Court entered judgment in accordance with the jury verdicts, and ordered that sentence in Count V not begin to operate until the sentences in Counts

I, II and IV cease to operate. (C.R. 88-95); (6 R.R. 34). A Motion for New Trial was not filed.

## PROCEDURAL HISTORY

In an unpublished Opinion delivered and filed August 13, 2015 (Appendix "A") the Tenth Court of Appeals affirmed the judgment of the trial court. A Motion for Rehearing was not filed.

## QUESTION PRESENTED FOR REVIEW

1. Whether the Court of Appeals erred in holding that the evidence was sufficient to establish beyond a reasonable doubt that Appellant's purported conduct was voluntary as defined by Texas Penal Code §6.01 as to support a conviction for Counts I, II, III, IV and V? (Slip Op. 1-2).

## ARGUMENT

If Appellant touched H. R. improperly there is no evidence that he did so with the requisite mens rea, and that he did so voluntarily. See Texas Penal Code §§6.01(a), 6.02 (West 2011). All five counts of conviction relate to a single occurrence – Appellant and H. R. sleeping on the same large sectional sofa during one night. H. R. did not testify as to the elements of the offenses at trial. Instead the State relied heavily on her statement to Dr. Sims, the medical director of the Children's Advocacy Center. The State introduced into evidence Detective Cyr's interview with Appellant in which he denied that he consciously touched H. R. in

3

an inappropriate manner, but he was not able to say what he may have done once he was "blacked out" unconscious, or asleep.

Before an act is criminal, it must be voluntarily done. Section 6.01 of the Texas Penal Code states, "A person commits an offense only if he voluntarily engages in conduct, including an act, an omission or possession." If one's own physical movements are the product of unconsciousness or other non-volitional impetus, that movement is not voluntary. **Rogers v. State, 105 S.W. 3d 630, 638 (Tex. Crim. App. 2003).** When the issue of voluntariness is raised by the evidence, the State must prove the voluntary nature of the act. Absent such proof, the evidence is insufficient to support a conviction. Because the State did not prove that Appellant's actions were voluntary, the mens rea element of the offense is lacking, and the evidence is insufficient to support convictions on any of the counts of conviction.

The offense of aggravated sexual assault of a child (Texas Penal Code §22.021) includes a specific mens rea requirement – intentionally or knowingly – as an element of the offense that must be proven by the State.

The offense of indecency with a child (Texas Penal Code §21.11) requires proof of the accused's intent to engage in the proscribed conduct, rather than intent to bring about a particular result. **Scott v. State, 202 S.W. 2d 405, 407 (Tex. App. – Texarkana 2006, pet. ref'd.).**

A finding that actions are intentionally or knowingly committed presupposes that the actions taken were voluntary. The requirement of a voluntary act under §6.01(a) is not subsumed by the mens rea requirement of voluntary act under §22.021 and 21.11. See **Brown v. State, 955 S. W. 2d 276, 280 (Tex. Crim. App. 1997).** The issue of the voluntariness of one's conduct is separate from the issue of one's mental state. **Adanandus v. State, 866 S.W. 2d 210, 230 (Tex. Crim. App. 1993).**

Before an act is a criminal one, it must be established to be a voluntary act. §6.01(a) Texas Penal Code states, "A person commits an offense only if he voluntarily engages in conduct, including an act, an omission or possession."

"Voluntariness" within the meaning of Section 6.01(a) refers only to one's own physical body movements. If those physical movements are the nonvolitional result of someone else's act, are set in motion by some independent non-human force, or are the product of unconsciousness, hypnosis or other nonvolitional impetus, that movement is not voluntary." (Emphasis supplied). **Rogers v. State, 105 S.W. 3d 630, 638 (Tex. Crim. App. 2003).**

When the issue of voluntariness is raised by the evidence, the State must prove the voluntary nature of the act; absent such proof, the evidence is insufficient to support a conviction. Id.

5

Appellant contends that the evidence at trial was insufficient to establish beyond a reasonable doubt that his acts were voluntarily and intentionally or knowingly done as to Count I and II – aggravated sexual assault, and voluntarily done with the intent to engage in proscribed sexual contact as to Counts III, IV and V. If the evidence is insufficient to prove Reynoso's actions were voluntary within the meaning of §6.01(a), then it is necessarily insufficient to show that they were intentionally or knowingly done with the requisite specific intent to arouse or gratify the sexual desire of any person.

The issue of the voluntariness of Appellant's actions was raised during his interview with Detective Cyr and in his trial testimony. The State offered the interview in evidence, and it was admitted as State's Exhibit No. 8. At 1:17:50 into the interview (one hour, seventeen minutes, fifty seconds, or at 11:34 by the wall clock), Appellant said he had fallen asleep. Beginning at 1:19:20 into the interview (one hour, nineteen minutes, twenty seconds) and continuing for the balance of the interview Appellant's answers to Detective Cyr's questions consisted of his saying that he was unconscious or asleep, that he may have lost consciousness and that he "blacked out." (11:55 by the wall clock).

At trial Appellant denied touching H.R. in a sexual way, and explained that he couldn't say exactly when he went to sleep that night. (3 R.R. 244-253).

6

The issue of voluntariness was raised by the evidence by Appellant saying again and again that he was unconscious during the time of the alleged offenses. See **Rogers, at 638.** The State did not prove the voluntary nature of the acts. Absent such proof the evidence was insufficient to support a conviction.

H.R.'s trial testimony did not address the issue of voluntariness, nor did Dr. Sims' testimony or her report (State's Exhibit No. 7). In contrast to the evidence in **Whatley v. State, 445 S.W. 3d 159 (Tex. Crim. App. 2014),** H. R.'s forensic interview was not admitted in evidence at this trial. The facts in this case also differ from those in **Whatley** where the abuse occurred "...on three separate occasions when she was ten or eleven years old the first episode occurred while the family was on vacation at a lake in Arkansas... all three family members slept together in the bed that night. The second incident was during the same vacation in a reclining chair, and the third happened in the complainant's bedroom at the family home in Canton, Texas." **Whatley, 159-160.** The allegations and the testimony in Appellant's case relate to one night's sleep on a single couch. Also unlike the facts in **Whatley,** there was testimony here that Reynoso had touched his girlfriend in a similar manner when he was asleep with her. (3 R.R. 250-251).

If the evidence cannot reasonably be understood to show that Appellant was awake and consciously engaging in the alleged actions, he cannot be guilty of the alleged offenses. Texas Penal Code §§6.01, 6.02. If he was not awake or

7

consciously engaging in the alleged actions, he could not have taken those actions with the required culpability.  Appellant requests the Court of Criminal Appeals grant his Petition for Discretionary Review.

## **PRAYER**

Appellant Danny Xavier Reynoso prays that the Court vacate the judgments of the trial court and enter Judgments of Acquittal.

Respectfully submitted,

John M. Hurley
State Bar No. 10311100
427 N. 38th Street
Waco, Texas   76710
Tel:  (254) 753-6161
Fax: (254) 714-2564
Email:  jmhurley1@yahoo.com
Attorney for Danny Xavier Reynoso

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellant's Petition for Discretionary Review was mailed to the persons listed below on the ___1___ day of September 2015.

State Prosecuting Attorney
P. O. Box 13406
Austin, TX   78711

Sterling Harmon
Asst. Crim. District Attorney
219 N. 6th St
Suite 200
Waco, TX   76701

Danny Reynoso
#1994091
12120 Savage Drive
Midway, Texas   75852

John M. Hurley
_____
John M. Hurley

## CERTIFICATE OF COMPLIANCE

I certify that Appellant's Petition for Discretionary Review contains 2,549 words, Microsoft Word 2010.

John M. Hurley
_____
John M. Hurley

# APPENDIX "A"



# COURT OF APPEALS
## TENTH DISTRICT OF TEXAS

August 13, 2015

No. 10-15-00044-CR

DANNY XAVIER REYNOSO

v.

THE STATE OF TEXAS

From the 54th District Court
McLennan County, Texas
Trial Court No. 2013-387-C2

## JUDGMENT

This Court has reviewed the briefs of the parties and the record in this proceeding as relevant to the issue raised and finds no reversible error is presented. Accordingly the trial court's judgment as to Count I, signed on February 5, 2015, is affirmed.

A copy of this judgment will be certified by the Clerk of this Court and delivered to the trial court clerk for enforcement.

PER CURIAM

SHARRI ROESSLER, CLERK

By: _Nita Whitener_

Nita Whitener, Deputy Clerk





# COURT OF APPEALS
## TENTH DISTRICT OF TEXAS

August 13, 2015

No. 10-15-00044-CR

DANNY XAVIER REYNOSO

v.

THE STATE OF TEXAS

From the 54th District Court
McLennan County, Texas
Trial Court No. 2013-387-C2

## JUDGMENT

This Court has reviewed the briefs of the parties and the record in this proceeding as relevant to the issue raised and finds no reversible error is presented. Accordingly the trial court's judgment as to Count II, signed on February 5, 2015, is affirmed.

A copy of this judgment will be certified by the Clerk of this Court and delivered to the trial court clerk for enforcement.

PER CURIAM

SHARRI ROESSLER, CLERK

By: *Nita Whitener*

Nita Whitener, Deputy Clerk





# COURT OF APPEALS
## TENTH DISTRICT OF TEXAS

August 13, 2015

No. 10-15-00044-CR

DANNY XAVIER REYNOSO

v.

THE STATE OF TEXAS

From the 54th District Court
McLennan County, Texas
Trial Court No. 2013-387-C2

## JUDGMENT

This Court has reviewed the briefs of the parties and the record in this proceeding as relevant to the issue raised and finds no reversible error is presented. Accordingly the trial court's judgment as to Count IV, signed on February 5, 2015, is affirmed.

A copy of this judgment will be certified by the Clerk of this Court and delivered to the trial court clerk for enforcement.

PER CURIAM

SHARRI ROESSLER, CLERK

By: _Nita Whitener_
    Nita Whitener, Deputy Clerk





# COURT OF APPEALS
## TENTH DISTRICT OF TEXAS

August 13, 2015

No. 10-15-00044-CR

DANNY XAVIER REYNOSO

v.

THE STATE OF TEXAS

From the 54th District Court
McLennan County, Texas
Trial Court No. 2013-387-C2

## JUDGMENT

This Court has reviewed the briefs of the parties and the record in this proceeding as relevant to the issue raised and finds no reversible error is presented. Accordingly the trial court's judgment as to Count V, signed on February 5, 2015, is affirmed.

A copy of this judgment will be certified by the Clerk of this Court and delivered to the trial court clerk for enforcement.

PER CURIAM

SHARRI ROESSLER, CLERK

By: *Nita Whitener*
Nita Whitener, Deputy Clerk





# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00044-CR

DANNY XAVIER REYNOSO,

                                                              Appellant

v.

THE STATE OF TEXAS,

                                                              Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2013-387-C2

## MEMORANDUM OPINION

Danny Xavier Reynoso was convicted of two counts of aggravated sexual assault of a child (Counts I and II) and two counts of indecency with a child by contact (Counts IV and V). TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(i); 21.11(a)(1), (c) (West 2011). He was sentenced to 36 years in prison for each aggravated sexual assault count and 15 years in prison for each indecency count. Because the evidence is sufficient to support the jury's determination that Reynoso's actions were voluntary, we affirm the trial

court's judgment.

BACKGROUND

H.R., the four-year-old niece of Reynoso, was spending the night at her grandmother's house. Reynoso lived there as well. He came home from having a few beers after work and, after eating, laid down on a sectional couch with H.R. The next morning, H.R. told her mother that Reynoso had touched her. The police were notified, and an interview and sexual assault exam were conducted.

SUFFICIENCY OF THE EVIDENCE

In his sole issue, Reynoso contends the evidence is insufficient to establish that his conduct in each count was voluntary. In his statement to police and after denying he committed the offenses, Reynoso made various claims that he may have unknowingly done things to H.R. in his sleep, while he was blacked out, or because he was intoxicated. He did not request an instruction in the charge to the jury regarding the voluntariness of his actions.

*Standard of Review*

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9,

13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

*Voluntary Actions*

As charged in this case, a defendant commits aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the sexual organ or anus of a

child younger than fourteen years of age by any means. TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(i), (a)(2)(B) (West 2011). Further a defendant commits indecency with a child when he engages in sexual contact by touching the breast of a child younger than seventeen years of age with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(a)(1), (c). However, "the issue of the voluntariness of one's conduct, or bodily movements, is separate from the issue of one's mental state." *Adanandus v. State*, 866 S.W.2d 210, 230 (Tex. Crim. App. 1993). Section 6.01(a) of the Texas Penal Code requires a voluntary—*i.e.*, volitional—act as an element of guilt. TEX. PENAL CODE ANN. § 6.01(a) (West 2011) ("A person commits an offense only if he voluntarily engages in conduct, including, an act, an omission, or possession."). This is a distinct inquiry from the knowing or intentional mens rea requirement established by the provisions of section 22.021(a)(1)(B). *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014).

> "Voluntariness," within the meaning of Section 6.01(a), refers only to one's own physical body movements. If those physical movements are the nonvolitional result of someone else's act, are set in motion by some independent non-human force, are caused by a physical reflex or convulsion, or are the product of unconsciousness, hypnosis, or other nonvolitional impetus, that movement is not voluntary.

*Rogers v. State*, 105 S.W.3d 630, 638 (Tex. Crim. App. 2003).

*Evidence*

On appeal, Reynoso focuses on his claim at trial that he was unconscious by being asleep or having blacked out during the time H.R. was assaulted and touched to support his argument that his actions were involuntary. He further argues there was

insufficient evidence to show otherwise. We disagree.

In his statement to police, Reynoso tried to advance different theories as to how the assault or contact could have occurred. At trial, he tried to stick with the theory that he did not commit the offenses, expressly denying that he blacked out. He eventually stated again, however, that there was a period of time during the night that he could not remember.

Reynoso admitted at trial that he gave these various rationalizations to police because he thought the police had more physical evidence against him of a sexual assault. Reynoso admitted to police that he slept in the living room with H.R. and that H.R. laid down with him after he had fallen asleep. And he testified at trial that they were sleeping on the couch, shoulder to shoulder. Reynoso told police that he could not deny that the offenses occurred because he may have elbowed or kicked her and she took it the wrong way. But he also told police that he had previously thought about touching H.R. and that he thought she was pretty. At trial, Reynoso tried to minimize these statements saying he did not mean them in a sexual way. But his expert witness thought those statements were "damning," stating, "[Reynoso] said some things about the child that suggested interest, sexual interest in her, spoke of her almost like a girlfriend as opposed to a young child,…, admitted that he had some sexual thoughts and, …, that he had touched her in some manner." Reynoso's expert agreed that because Reynoso had told so many stories, Reynoso could not be considered consistent

in his explanations of what had occurred.

The jury also heard evidence that after a warrant was issued for Reynoso's arrest, Reynoso fled to Mexico for two and a half months. He was apprehended trying to re-enter the United States.

Reynoso further argues on appeal that because there was evidence that he had touched his girlfriend in a similar manner when they were sleeping together, the evidence was insufficient to show his actions as to H.R. were voluntary. We disagree. Reynoso offered this evidence through his own testimony and agreed that he was not laying with H.R. in the same position as he had with his girlfriend. Further, no girlfriend testified to confirm that she had been similarly touched at a time Reynoso was asleep or in a manner that would have made the touching anything other than voluntary.

Reynoso also argues that because H.R.'s forensic examination report was not introduced into evidence, this somehow makes the statements H.R. gave to the forensic doctor insufficient to show Reynoso's actions were voluntary. Again, we disagree. H.R.'s statements to the examining doctor were brought to light during the doctor's testimony. H.R. told the doctor that Reynoso picked up H.R.'s shirt and pulled down H.R.'s pants. H.R. demonstrated to the doctor that Reynoso's finger went inside her anus and into her genitals. She also told the doctor that Reynoso put his mouth on her chest. At trial, H.R. had difficulty testifying about the offenses, but indicated that

Reynoso touched her on her "front" and "bottom" where no one was supposed to touch.

CONCLUSION

Based on the evidence presented, we find the jury could have resolved any inconsistencies in the testimony against Reynoso and could have found beyond a reasonable doubt that Reynoso's actions were voluntary. Accordingly, Reynoso's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Affirmed
Opinion delivered and filed August 13, 2015
Do not publish
[CRPM]

